**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| George Jones, | No. CV-18-02303-PHX-JAS (EJM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner George Jones filed an amended pro se Petition for a Writ of Habeas Corpus ("PWHC") pursuant to 28 U.S.C. § 2254 on October 5, 2018. (Doc. 6).[1] Petitioner raises three grounds for relief: (1) violation of the Equal Protection Clause and the Fifth Amendment based on the State's failure to prove intent, denial of a fair trial, and the State over-charging Petitioner to influence the jury; (2) violation of the Sixth Amendment and Arizona Rule of Capital Counsel 6.8 because no capital counsel was appointed, Petitioner did not have a weapon, there was no mens rea, and trial counsel was ineffective for failing to do any investigation or file pre-trial motions; and (3) violation of the Fourteenth Amendment and due process for substantive and procedural violations of Arizona law because defense counsel was ineffective for failing to address mens rea, and Petitioner had no weapon. Petitioner admits that none of his claims were presented to the Arizona Court of Appeals or the Arizona Supreme Court. Respondents filed an Answer (Doc. 16) and Amended Answer (Doc. 29) contending that Petitioner's claims are procedurally defaulted

---

[1] The original PWHC was filed on July 20, 2018. (Doc. 1).

without excuse. Respondents further contend that Petitioner's claims are not cognizable. Petitioner did not file a reply.[2]

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Markovich for a Report and Recommendation. The undersigned finds that Petitioner has failed to present a cognizable claim for habeas relief. The undersigned further finds that Petitioner's claims are procedurally defaulted and barred from this Court's review, and that Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claims. Accordingly, the Magistrate Judge recommends that the District Court deny the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Trial, Sentencing, and Appeal

On October 4, 2011 a Maricopa County grand jury indicted Petitioner on one count of first degree murder based on a felony murder theory of liability. (Ex. A at 3).[3, 4] On October 25, 2012 the jury found Petitioner guilty of first degree murder. (Ex. C). On November 27, 2012 Petitioner was sentenced to life imprisonment with the possibility of parole after 25 years. (Ex. D).

The Arizona Court of Appeals summarized the background of Petitioner's case as follows:[5]

> Two men entered the Westwind Tavern late on the evening of July 18, 1978, ordered the patrons onto the floor and began to rob them and the tavern. One patron, the victim, had back problems and could only get to his knees. After he was threatened by a man with a gun, the victim reached for his beer and, as one witness testified, "all hell broke loose." The victim

---

[2] See Docs. 19, 21, 23, and 28 for a more thorough discussion of the procedural background of this case.

[3] Count One charged that Petitioner committed or attempted to commit robbery, "and in the course of and in furtherance of such offense, or immediate flight from such offense, [Petitioner] or another person caused the death of [the victim.]" (Ex. A at 3).

[4] All exhibit numbers refer to the exhibits attached to Respondents' Answer and Amended Answer. All page numbers of exhibits refer to the documents as filed in CM/ECF.

[5] The appellate court's stated facts are entitled to the presumption of correctness. See 28 U.S.C. § 2254(e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that the statement of facts in an Arizona Supreme Court opinion should not be afforded the presumption of correctness).

was physically assaulted and shot twice in the back. He died from the gunshot wounds.

The two men quickly left the tavern, possibly with others, and sped away in a gray station wagon. The police were called, responded, and as part of the investigation, impounded a Coors beer bottle. The police later found the station wagon. Fingerprints were taken from the beer bottle and car. The case went cold until April 2011 when the police discovered that the prints on the beer bottle matched Jones' prints.

Once the match was discovered, the police located Jones and a detective interviewed him in June 2011. Jones told the police that there was a robbery, a scuffle, then he was on the ground and someone got shot. He was adamant that he did not carry a gun that night and was not the shooter. He left the tavern with the men and later jumped out of the car as it was being followed by a helicopter.

(Ex. H at 50–51).

Following his conviction, Petitioner sought review in the Arizona COA. (Ex. E). Appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he had searched the record but could find no arguable question of law that was not frivolous, and requesting that the court search for fundamental error and grant Petitioner leave to file a pro se petition. (Ex. F). On July 23, 2013 Petitioner filed a pro se supplemental brief alleging the following claims: (1) Petitioner's rights were violated when the detective who took his buccal swab did not serve Petitioner with a copy of the court order and any evidence obtained was the fruit of the poisonous tree; (2) when the detective read Petitioner his *Miranda* rights, he did not inform Petitioner that he had a right to stop the questioning at any time; (3) a witness for the State made inconsistent statements; and (4) there was missing documentation of the chain of custody of a Coors bottle obtained from the crime scene. (Ex. G). On September 12, 2013 the COA issued its decision affirming Petitioner's conviction and sentence. (Ex. H). The court addressed each of Petitioner's claims and stated that it had searched the entire record for reversible error but found none.

Petitioner filed a motion for extension of time to file a petition for review to the Arizona Supreme Court, which the court granted. (Ex. I). After Petitioner failed to file his

petition by the allowed date, the Arizona Supreme Court dismissed the matter. *Id.*

**B. First Petition for Post-Conviction Relief**

On October 28, 2013 Petitioner initiated proceedings in Maricopa County Superior Court for Rule 32 post-conviction relief ("PCR").[6] (Ex. J). In his notice, Petitioner indicated that he was making a claim of ineffective assistance of counsel and that there were facts that established by clear and convincing evidence that Petitioner was actually innocent. Petitioner also alleged newly discovered material facts that would probably change the verdict; that a statement Petitioner made was irrelevant, highly prejudicial, lacked probative value, and should have been excluded; that trial counsel advised Petitioner she had made arrangements with a psychologist for an *Atkins* determination but failed to file a motion to stay and abey the case; and appellate counsel failed to inform Petitioner before filing an *Anders* brief. That same date, Petitioner also filed a pro se petition for PCR. (Ex. K). The trial court appointed counsel (Ex. L), and counsel subsequently filed a notice of completion stating that she was unable to find a tenable issue under Rule 32 and requesting that Petitioner be given additional time to file a pro se petition. (Ex. M).

On July 31, 2014 Petitioner filed his pro se petition, checking the boxes to indicate that he was eligible for relief for the following reasons: the introduction at trial of evidence obtained pursuant to an unlawful arrest; the introduction at trial of evidence obtained by an unconstitutional search and seizure; the introduction at trial of an identification obtained in violation of constitutional rights; the introduction at trial of a coerced confession; the introduction at trial of a statement obtained in the absence of a lawyer at a time when representation is constitutionally required; any other infringement of the right against self-representation; the denial of the constitutional right to representation by a competent

---

[6] The Arizona Rules of Criminal Procedure were amended effective January 20, 2020. New Rule 32 applies to defendants convicted after a trial or a contested probation violation hearing, and new Rule 33 applies to pleading defendants and defendants who admitted a probation violation or had an automatic probation violation. Because Petitioner's state court actions were filed prior to January 20, 2020 and he had no state court action pending at the time the new rules went into effect, former Rule 32 applies to Petitioner's case and the Court will cite to former Rule 32 throughout this opinion. *See* Arizona Supreme Court Order R-19-0012, available at:
https://www.azcourts.gov/rules/Recent-Amendments/Rules-of-Criminal-Procedure

lawyer at every critical stage of the proceeding; the unconstitutional suppression of evidence by the state; the unconstitutional use by the state of perjured testimony; violation of the right not to be placed twice in jeopardy for the same offense; the abridgement of any other right guaranteed by the constitution or the laws of this state, or the constitution of the United States, including a right that was not recognized as existing at the time of the trial if retrospective application of that right is required; the existence of newly-discovered material which requires the court to vacate the conviction or sentence because "Jones suffered severe mental disorder in which the individual loses contact with reality and suffering other symptoms like PTSD"; the use by the state in determining sentence of a prior conviction obtained in violation of the United States or Arizona Constitutions; and, under "other," "newly discovered evidence" and "the conviction of the sentence was in violation of federal or state condition." (Ex. N at 84–85). In a memorandum attached to the petition, Petitioner further alleged that: (1) he had moved in limine to preclude irrelevant and highly prejudicial witness testimony; (2) he was never informed of his rights under *Miranda* to remain silent and of his right to counsel, and he was suffering from a mental illness; (3) his right to counsel was violated when appellate counsel filed an *Anders* brief; (4) his due process rights and right to counsel were violated when trial counsel failed to have Petitioner's mental health evaluated; (5) counsel failed to disclose material facts or misrepresentation of material facts; and (6) counsel failed to investigate Petitioner's competency. *Id.* at 88–91.

On January 26, 2015 the trial court issued its order summarily dismissing the petition pursuant to Rule 32.6(c). (Ex. Q). The court specifically found that Petitioner's claims were too vague to support relief, and that each of the claims could have been raised on direct appeal and were thus precluded under Rule 32.2. *Id.* at 123. As to Petitioner's claims concerning his mental health issues, the court further found that no relief was warranted because Petitioner failed to present any specifics or evidence to support his claims, and that Petitioner's mental health condition could not be considered material mitigation because he received the mandatory minimum for first degree felony murder. *Id.*

To the extent Petitioner claimed he was not competent at trial, the court noted that no such claim was made at the time of trial, and there was no support in the record that Petitioner's alleged mental illness would have had a material impact on trial or sentencing. *Id.* Finally, the court rejected Petitioner's claims that trial and appellate counsel were ineffective because they were reiterations of his other claims and did not warrant relief. *Id.*

On March 16, 2015 Petitioner filed a petition for review in the Arizona COA presenting two issues for review: ineffective assistance of trial and appellate counsel, and the unconstitutional use by the State of perjured testimony. (Ex. S at 3). On August 3, 2017 the COA issued its decision granting review and denying relief. (Ex. V). The court noted that Petitioner presented a number of issues for review, many of which he did not raise in his PCR petition, and although Petitioner had presented some of the new issues to the superior court in a reply and/or motion for reconsideration, "a defendant may not amend a petition for post-conviction relief to raise new issues absent leave of court upon a showing of good cause." *Id.* at 144. Petitioner did not seek permission to raise the new issues to the superior court and did not provide any documentation until he filed his motion for reconsideration. The superior court did not consider the new materials or the new claims, nor would the COA consider any new materials or issues on review that Petitioner did not raise in his PCR petition. *Id.* As to Petitioner's properly presented claim that his mental health condition rendered him incompetent and made his statements to investigators involuntary, Petitioner conceded that he had never been examined by a mental health expert and provided no medical records to support his claim. *Id.* The COA therefore denied relief on this issue because Petitioner failed to present a colorable claim that he suffered from a mental disorder at any relevant time. *Id.* at 144–145. For the same reasons, the court denied Petitioner's claim that trial counsel was ineffective for failing to raise issues regarding Petitioner's mental health. *Id.* at 145. As to Petitioner's claim that trial counsel was ineffective for failing to address inconsistencies or perjury in witness testimony, the court denied relief because Petitioner failed to identify any witnesses, testimony, or statements in his PCR petition. *Id.* As to Petitioner's claim of *Miranda* violations, the court denied

1    relief because Petitioner could have raised it on direct appeal and the claim was therefore
2    precluded under Rule 32.2(a). *Id.* Finally, as to Petitioner's claim that appellate counsel
3    was ineffective for filing an *Anders* brief, the court denied relief because the PCR petition
4    did not identify any cognizable claims for appellate relief that counsel should have raised.
5    *Id.*

6        Petitioner filed a petition for review to the Arizona Supreme Court, which the court
7    denied on February 13, 2018. (Ex. W).

8    **C. Second Petition for Post-Conviction Relief**

9        On October 1, 2018 Petitioner filed a "motion for status of petition for writ of habeas
10   corpus pursuant to Rule 32.2" in Maricopa County Superior Court. (Ex. X). On October
11   14, 2018, the court issued a case status noting that it had no record of a petition for writ of
12   habeas corpus being filed. (Ex. Y). On November 18, 2018 Petitioner filed his state petition
13   for writ of habeas corpus. (Ex. Z). Petitioner's signature indicates that he originally
14   submitted this document on July 12, 2018, but evidently the court did not receive it until
15   November 2018. (Ex. Z at 26). Petitioner stated that the court could construe his petition
16   as Rule 32 motion for PCR, and alleged that the facts underlying his conviction were
17   insufficient to establish that he committed the offense because the trial court failed to give
18   a "mere presence" instruction to the jury. *Id.* at 11, 13.

19       On December 12, 2018 the trial court issued its order dismissing the Rule 32
20   proceeding. (Ex. AA). The court found that Petitioner's Rule 32.1(a) claims that his
21   conviction and sentence were in violation of his due process rights and the Fifth, Sixth, and
22   Fourteenth Amendments because trial counsel did not request a mere presence instruction
23   and the court did not sua sponte give the instruction were precluded under Rule 32.2(a)(3)
24   because the claims could have been raised on direct appeal. The court further found that to
25   the extent Petitioner was reiterating any of his evidentiary arguments raised on direct
26   appeal or his first PCR proceedings, the claims were precluded by Rule 32.2(a)(2). Finally,
27   the court rejected Petitioner's Rule 32.1(h) claim because Petitioner failed to allege facts
28   demonstrating by clear and convincing evidence that no reasonable fact-finder would have

1   found him guilty beyond a reasonable doubt. The court further noted that Petitioner could

2   not challenge the sufficiency of the evidence under the guise of a Rule 32 claim. The court

3   concluded that Petitioner had failed to meet his burden under Rule 32.2(b) to explain why

4   the claims in his successive petition were substantive and untimely.

5        On February 1, 2019[7] Petitioner filed a petition for review in the Arizona COA,

6   repeating his argument that the facts underlying his conviction were insufficient to

7   establish that he committed the offense because the trial judge failed to sua sponte instruct

8   the jury on mere presence. (Ex. CC).

9        On April 8, 2019 Petitioner filed a "writ of coram nobis, writ of error" in Maricopa

10   County Superior Court. (Ex. EE). Petitioner alleged that capital counsel should have been

11   appointed in his case because the crime was punishable by death; even though a death

12   sentence was not requested, death was possible upon the prosecutor's request. *Id.* at 76. On

13   April 17, 2019 the court issued an order stating that it would treat Petitioner's filing as a

14   motion to reconsider the court's December 12, 2018 ruling dismissing Petitioner's second

15   Rule 32 petition, and denied Petitioner's writ. (Ex. FF).

16        On May 2, 2019 Petitioner re-filed the same "writ of coram nobis, writ of error" in

17   Maricopa County Superior Court. (Ex. GG).

18        On May 2, 2019[8] Petitioner filed a petition for review in the Arizona COA

19   requesting review of the trial court's April 17, 2019 order dismissing his writ of coram

20   nobis. (Ex. HH). Petitioner alleged that a miscarriage of justice was established by plain

21   error by denying capital counsel, that Arizona Rule of Capital Counsel 6.8 was violated,

22   that there was no fair trial, that due process of his first degree murder conviction was

23   violated, and that Petitioner was incarcerated illegally for first degree murder beyond the

24   intent requirement.

25        On May 7, 2019 the COA issued an order noting that it had received Petitioner's

26   February 1, 2019 petition for review and May 2, 2019 petition for review. (Ex. JJ at 111).

27   _____

28   [7] This document was filed in the COA on February 1, 2019 and a copy was filed in superior
     court on February 4, 2019.
     [8] This document was filed in the COA on May 2, 2019 and a copy was filed in superior
     court on May 6, 2019.

The court ordered that it would treat the second petition for review as a supplement to the first petition for review, and gave the State leave to file a response.

On May 19, 2019 the trial court issued an order noting that it had received the May 2, 2019 writ of coram nobis and May 6, 2019 petition for review and would treat these filings as a motion for reconsideration of the court's December 12, 2018 order dismissing Petitioner's second PCR petition. (Ex. II). The court denied the writ and petition for review for the reasons stated in its December 12, 2018 order. *Id.*

On May 20, 2019 Petitioner filed a "motion to revisit order regarding petition for review dated and filed by appeals court: 5/7/19 to clarify intent of writ of coram nobis, writ of error, dated: 4/4/19; and Petitioner's petition for review, dated: 4/26/19" in the Arizona COA. (Ex. JJ). Petitioner stated that his April 4, 2019 writ of coram nobis was his reply to Respondents' March 29, 2019 answer to his federal PWHC, that Respondents' answer was premature and not a procedural default because his state habeas corpus petition and request for an evidentiary hearing had not been ruled on yet, and that the state writ should not be confused with or considered a supplement to the federal writ. On May 28, 2019 the COA denied the motion. (Ex. LL at 117).

On July 9, 2019 the Arizona COA issued its decision on Petitioner's petitions for review of the trial court's orders dismissing his second PCR proceedings. (Ex. KK). The court found that Petitioner had failed to establish that the trial court abused its discretion in denying PCR and therefore granted review but denied relief.

Petitioner filed a petition for review to the Arizona Supreme Court (Ex. NN), which the court denied on December 5, 2019. (Ex. MM). On January 6, 2020 the COA issued its mandate. *Id.*

**D. Habeas Petition**

On October 5, 2018 Petitioner filed his Amended PWHC in this Court. (Doc. 6). Petitioner alleges three grounds for relief. In Ground One, Petitioner alleges a Fifth Amendment equal protection claim that the State was required to prove intent to support his conviction, that felony murder was used to imply intent without proof, that he was

denied a fair trial, and that the State over-charged the crime to influence the jury. In Ground Two, Petitioner alleges a Sixth Amendment claim that Arizona Rule of Capital Counsel 6.8 was ignored, allowing him to be convicted of murder. Petitioner further states that he was tried and convicted in violation of Arizona and Federal Rules, that counsel failed in knowing Arizona law, that no capital counsel was appointed, that Petitioner had no weapon, that there was no mens rea, that defense counsel did no investigation and filed no pre-trial motions, and that Rule 6.8 disqualifies counsel for this case. In Ground Three, Petitioner alleges a Fourteenth Amendment due process claim for procedural and substantive violations of Arizona law as "shown in the records of transcript exhibits" attached to the PWHC. Petitioner also states that he was denied due process because defense counsel never mentioned mens rea, and that he never had a dangerous weapon.

Respondents contend that all of Petitioner's claims are unexhausted and procedurally defaulted without excuse and that Petitioner has not met his burden to show cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claims. (Doc. 29). Respondents further argue that Petitioner has failed to allege any cognizable claims because he has failed to adequately explain a factual basis for the claims, and because some of his claims appear to be based in state law.

For the reasons stated below, the undersigned finds that Petitioner has failed to present any cognizable claims entitling him to federal habeas relief. The undersigned further finds that all of Petitioner's claims are procedurally defaulted without excuse. Accordingly, the undersigned recommends that the District Court deny and dismiss the Petition with prejudice.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the federal court's power to grant a petition for a writ of habeas corpus on behalf of a state prisoner. First, the federal court may only consider petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant

habeas corpus relief, with some exceptions, unless the petitioner exhausted state remedies. Additionally, if the petition includes a claim that was adjudicated on the merits in state court proceedings, federal court review is limited by section 2254(d).

## A. Exhaustion

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F.Supp.2d 925, 931–33 (D. Ariz. 2007).

A claim is fairly presented if the petitioner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The petitioner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims

in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, *4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, *8 (D. Ariz. Aug. 29, 2013).

### B. Procedural Default

If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). There are two categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged

constitutional violation." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (internal quotations and citation omitted); *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."). Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Impediments to compliance may include interference by officials that makes compliance with the state's procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available, or the procedural default was the result of ineffective assistance of counsel. *Id.* at 488–489. Prejudice requires "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *see also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028.

## C. Adjudication on the Merits and § 2254(d)

The Ninth Circuit has held that "a state has 'adjudicated' a petitioner's constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits." *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004).

1    If a habeas petition includes a claim that was properly exhausted, has not been

2 procedurally defaulted, and was "adjudicated on the merits in State court proceedings,"

3 federal court review is limited by § 2254(d). Under § 2254(d)(1), a federal court cannot

4 grant habeas relief unless the petitioner shows: (1) that the state court's decision was

5 contrary to federal law as clearly established in the holdings of the United States Supreme

6 Court at the time of the state court decision, *Greene v. Fisher*, 565 U.S. 34, 38 (2011); (2)

7 that it "involved an unreasonable application of" such law, § 2254(d)(1); or (3) that it "was

8 based on an unreasonable determination of the facts" in light of the record before the state

9 court, 28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. 86 (2011). This standard is

10 "difficult to meet." *Richter*, 562 U.S. at 102. It is also a "highly deferential standard for

11 evaluating state court rulings . . . which demands that state court decisions be given the

12 benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal quotations

13 and citation omitted).

14 **III.   ANALYSIS**

15   **A. Non-Cognizable Claims**

16    Habeas is not the remedy for every legal error—federal habeas relief is only

17 available to state prisoners to correct violations of the United States Constitution, federal

18 laws, or treaties of the United States. 28 U.S.C. § 2254(a). Habeas petitioners must plead

19 their claims with particularity and must specify all grounds for relief and the facts

20 supporting those grounds. Rule 2(c), Rules Governing § 2254 cases; *Mayle v. Felix*, 545

21 U.S. 644, 656 (2005). Further, "it is not the province of a federal habeas court to reexamine

22 state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68

23 (1991) ("federal habeas corpus relief does not lie for errors of state law"). This Court

24 presumes that the state court properly applied the law, *see, e.g.*, *Holland v. Jackson*, 542

25 U.S. 649, 655 (2004); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (state court decisions

26 must "be given the benefit of the doubt"), and gives deference to the trier of fact, *Wright v.*

27 *West*, 505 U.S. 277, 296 (1992); *Sumner v. Mata*, 455 U.S. 591 (1982). A petitioner also

28 cannot transform his state law claims into federal ones merely by asserting a violation of

due process. *Rivera v. Illinois*, 129 S. Ct. 144, 1454 (2009) ("'a mere error of state law . . . is not a denial of due process.'" (quoting *Engle*, 456 U.S. at 121 n.21)); *see also Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Relatedly, a petitioner cannot recast his state law claim as a federal constitutional challenge to the sufficiency of the evidence. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009). However, violations of state law are cognizable on habeas if the state court's application of state law was so arbitrary or capricious as to constitute an independent due process violation that rendered the trial fundamentally unfair. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Lyons v. Brady*, 666 F.3d 51, 55–56 (1st Cir. 2012).

Here, the undersigned finds that Petitioner has failed to allege any cognizable claims entitling him to habeas relief because Petitioner has failed to plead his claims with particularity sufficient to allow this Court to address the claims. The undersigned further finds that some of Petitioner's claims appear to be based on a state court's determination of a state law issue, and habeas relief does not lie for errors of state law.

In Ground One, Petitioner alleges an equal protection claim under the Fifth Amendment because the State was required to prove intent to support his conviction for first degree murder and felony murder was used to imply intent without proof, denying him a fair trial. The record reflects that Petitioner was convicted under a felony murder theory of first degree murder, which does not require proof of intent to commit murder. *See Evanchyk v. Stewart*, 340 F.3d 933, 935 (9th Cir. 2003) ("Under Arizona law, a conviction for first-degree murder can be based on either or both of two theories: premeditated murder (an intentional, planned killing) or felony murder (a killing that results from the intentional commission by defendant of another felony, but which does not necessarily involve an intent to kill."). Petitioner also alleges that the State over-charged the crime to influence the jury. Petitioner offers no further explanation or elaboration on this point, and fails to allege a specific, federal constitutional claim. Rule 2(c), Rules Governing § 2254 cases; *Mayle*, 545 U.S. at 646; *see also Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (a

petitioner's conclusory suggestion that a constitutional right has been violated falls "far short of stating a valid claim of constitutional violation"). Thus, the undersigned finds that Petitioner has failed to state a cognizable claim for relief in Ground One.

In Ground Two, Petitioner alleges a Sixth Amendment claim that Arizona Rule of Capital Counsel 6.8 was ignored, allowing him to be convicted of murder, because no capital counsel was appointed. Petitioner appears to be referring to Arizona Rule of Criminal Procedure 6.8, which sets forth "Standards for Appointment and Performance of Counsel in Capital Cases." It is unclear what exactly Petitioner is trying to argue. The record reflects that Petitioner was appointed counsel for his trial, as is required for all criminal indigent defendants pursuant to Rules 6.1 and 6.2, Ariz. R. Crim. P. Thus, there was no violation of Petitioner's right to counsel under the Sixth Amendment. Rule 6.8 sets forth requirements that an attorney must meet in order to be appointed in a capital case, but the record reflects that Petitioner was not charged with a capital offense. (*See* Petitioner's attachments to his Amended PWHC, where trial judge explains to prospective jurors that this is not a capital case and the death penalty is not at issue). Therefore, the undersigned finds that Petitioner has failed to state a cognizable claim on this basis. Petitioner also states that he was tried and convicted in violation of Arizona and Federal Rules, and that his trial counsel was ineffective because counsel failed in knowing Arizona law, did no investigation, and filed no pre-trial motions. Petitioner provides no further explanation or elaboration on these issues, and these broad and conclusory allegations fail to adequately present a cognizable claim for habeas relief. Rule 2(c), Rules Governing § 2254 cases; *Mayle*, 545 U.S. at 656. Finally, Petitioner alleges that the evidence shows he had no weapon and no intent to commit murder. "Federal courts are not forums in which to relitigate state trials[,]" *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983), and "it is well settled that upon *habeas corpus* the court will not weigh the evidence." *Hyde v. Shine*, 199 U.S. 62, 84 (1905). And, as noted above, Petitioner was convicted of first-degree murder based on a felony murder theory of liability. Thus, whether Petitioner had a weapon or intended to kill the victim is irrelevant. *See Evanchyk*, 340 F.3d at 935; *see also Jones v. Wood*, 207

F.3d 557, 563 (9th Cir. 2000) (even where evidence is "almost entirely circumstantial and relatively weak," it may be sufficient to support a conviction); *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995) ("Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction."); *United States v. Johnson*, 804 F.2d 1078, 1083 (9th Cir. 1986) (the government is entitled to all reasonable inferences that may be drawn from the evidence). Therefore, the undersigned finds that Petitioner has failed to state a cognizable claim for relief in Ground Two.

In Ground Three, Petitioner alleges his due process rights under the Fourteenth Amendment were violated, stating that "due process procedural and substantive violations of Arizona law are shown in the records of transcript exhibits attached . . . ." (Doc. 6 at 9). Petitioner does not elaborate on this argument, but attaches transcripts from the jury voir dire where the court explained the felony murder doctrine to prospective jurors and stated that the death penalty was not at issue because this was not a capital case. To the extent that Petitioner argues that the trial court erred in instructing the jury on felony murder, such claim is not a cognizable ground for federal habeas relief because whether the trial court adequately instructed the jury on the applicable state law is not a question of federal law. *See Gilmore v. Taylor*, 508 U.S. 333, 342 (1993) ("instructions that contain errors of state law may not form the basis for federal habeas relief"); *Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988) (instructional error "does not alone raise a ground cognizable in a federal habeas corpus proceeding"); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983) ("Insofar as Gutierrez simply challenges the correctness of the state evidentiary rulings and the jury instructions, he has alleged no deprivation of federal rights."). Petitioner further alleges that he was denied due process when trial counsel failed to mention the required mens rea. As noted above, proof of intent to murder is not required for felony murder, and Petitioner cannot transform his state law claim regarding mens rea into a federal one merely by asserting a violation of due process. *Evanchyk*, 340 F.3d at 935; *Rivera*, 129 S. Ct. at 1454. Finally, Petitioner again states that he did not have a dangerous weapon of any kind. Even if this issue were relevant to Petitioner's felony

murder conviction, this kind of bare assertion, devoid of any explanation or federal legal theory, falls far below the threshold to state a cognizable claim for habeas relief. Accordingly, the undersigned finds that Petitioner has failed to state a cognizable claim for relief in Ground Three.

In sum, because Petitioner fails to present his claims with sufficient particularity or otherwise make any meaningful argument on the claims, the undersigned finds that Petitioner has failed to state a cognizable ground for habeas relief and the Court will not address the claims further.[9] *See Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995) (a petitioner's conclusory suggestion that a constitutional right has been violated falls "far short of stating a valid claim of constitutional violation" sufficient to provide a basis for habeas relief); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *see also Ashby v. Payne*, 317 F. App'x 641, 643 (9th Cir. 2008) (finding petitioner "failed to state a cognizable equal protection claim based on the denial of credits because his allegations are conclusory and he has not provided sufficient facts to support them"). The undersigned is mindful that the Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). However, the Court should not be the pro se litigant's advocate, nor should the

---

[9] Where a petitioner fails to allege a deprivation of a federal right, it is unnecessary to determine whether he has satisfied the exhaustion requirement; the claim is simply dismissed as not cognizable. *Engle*, 456 U.S. at 121 n.19. ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts."). While the undersigned finds that Petitioner has failed to state any cognizable claims for habeas relief, as discussed in the section below, the undersigned further finds that Petitioner's claims are procedurally defaulted without excuse.

The undersigned notes that Petitioner admits that he did not present the issues in his habeas petition to the state courts. The undersigned's review of the record confirms that none of Petitioner's habeas claims were properly presented to the Arizona COA in a procedurally appropriate manner and are therefore unexhausted. Because Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting his claims in state court, the claims are also technically exhausted. *See* Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision); *Coleman*, 501 U.S. at 732; *Thomas*, 2009 WL 775417 at *4; *Garcia*, 2013 WL 4714370 at *8. The undersigned addresses procedural default and cause and prejudice below.

Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("judges have no obligation to act as counsel or paralegal to pro se litigants").

## B. Effect of Procedural Bar

Here, Petitioner admits that he did not present any of his habeas claims to the Arizona Court of Appeals or the Arizona Supreme Court. (*See* Doc. 6 at 7–9). Claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (Rule 32 is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050–52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting his habeas claims in state court. Accordingly, the claims are both technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F. Supp. 2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n.1; *Garcia*, 2013 WL 4714370 at * 8.

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup v.*

*Delo*, 513 U.S. 298, 321 (1995). Both cause and prejudice must be shown to excuse a procedural default, but the Court is not required to examine the existence of prejudice if the petitioner fails to establish cause. *Engle*, 456 U.S. at 134 n.43; *Thomas*, 945 F.2d at 1123 n.10.

Here, Petitioner has failed to show cause for, or prejudice arising from, the procedural default of his claims, and the Court can glean none from the record before it. *See Martinez*, 132 S. Ct. at 1316; *Murray*, 477 U.S. at 488. There was no objective factor external to Petitioner's defense that impeded his efforts to comply with the state's procedural rules; Petitioner simply failed to raise the specific claims he now attempts to raise on habeas to the state courts in a timely and procedurally appropriate manner. As to his claims in Ground One, Petitioner states that "federal law is the law of the land [and] Arizona Courts' sometime overlook [it.]" (Doc. 6 at 7). As to Ground Two, Petitioner states that there was no prison law library or certified paralegal. *Id.* at 8. As to Ground Three, Petitioner states that "there was no representative that would listen or present any version of events." *Id.* at 9. None of these alleged reasons is sufficient to constitute cause excusing the procedural default of Petitioner's claims. While the standard for cause and prejudice is one of discretion and is intended to be flexible, it must yield to exceptional circumstances only. *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986). Nor does Petitioner allege any interference by officials that made compliance with the state's procedural rules impracticable, a showing that the factual or legal basis for the claims was not reasonably available, or that the procedural default was the result of ineffective assistance of counsel. *See Murray*, 477 U.S. at 488–489. Finally, Petitioner's status as an inmate and lack of legal knowledge do not constitute cause. *See Thomas*, 945 F.2d at 1123 (alleged inadequate prison library and legal assistance procedures did not establish cause where petitioner "failed to demonstrate that he, himself, had been denied access to the library" and petitioner's filing of pro se pleadings reflected adequate access to and use of legal materials); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not

1  constitute cause); *Hughes*, 800 F.2d at 909 (pro se petitioner was accountable for his own
2  failure to timely pursue his remedy to state Supreme Court when he was able to apply for
3  postconviction relief to state court).

4  　　　In sum, while Petitioner's pleadings are not a model of clarity, Petitioner has had
5  multiple opportunities to present the federal claims he now attempts to raise on habeas to
6  the state courts. Petitioner bears the responsibility for failing to raise his claims in a timely,
7  properly filed state proceeding, and properly exhausting those claims to the Arizona COA.
8  *See Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not
9  an alternative forum for trying facts and issues which a prisoner made insufficient effort to
10  pursue in state proceedings."). Accordingly, because Petitioner has failed to establish cause
11  to excuse the procedural default of his claims, the Court need not examine the merits of
12  Petitioner's claims or the purported prejudice.

13  　　　Finally, to the extent that Petitioner argues a fundamental miscarriage of justice to
14  excuse the procedural default of his claims, this argument fails. A federal court may review
15  the merits of a procedurally defaulted habeas claim if the petitioner demonstrates that
16  failure to consider the merits of his claim will result in a "fundamental miscarriage of
17  justice." *Schlup*, 513 U.S. at 327. A "fundamental miscarriage of justice" occurs when a
18  constitutional violation has probably resulted in the conviction of one who is actually
19  innocent. *Id*. Actual innocence thus serves as a "gateway" for a petitioner to have
20  procedurally or time-barred constitutional claims reviewed. *McQuiggin v. Perkins*, 133 S.
21  Ct. 1924, 1928 (2013); *Smith v. Baldwin*, 510 F.3d 1127, 1139–49 (9th Cir. 2007) (en banc)
22  (A claim of innocence under *Schlup* is "not itself a constitutional claim, but instead a
23  gateway through which a habeas petitioner must pass to have his otherwise barred
24  constitutional claim considered on the merits.").

25  　　　In order to pass through the *Schlup* gateway, a petitioner's case must be "truly
26  extraordinary," 513 U.S. at 327, and a "tenable actual-innocence gateway" claim will not
27  be found unless the petitioner "persuades the district court that, in light of the new evidence,
28  no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

doubt." *McQuiggin*, 133 S. Ct. at 1928 (*citing Schlup*, 513 U.S. at 329). A showing that a reasonable doubt exists in light of the new evidence is not sufficient; rather, the petitioner must show that "it is more likely than not that no reasonable juror would have found [petitioner] guilty beyond a reasonable doubt." *Schlup*, 513 U.S at 327. Typically, the "precedents holding that a habeas petitioner satisfied [the *Schlup* standard]" have "involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1095–96 (9th Cir. 2013).

In the present case, while Petitioner challenges the constitutional adequacy of the procedures that led to his conviction and sentence, he does not point to evidence of actual, factual innocence. Thus, the undersigned finds that Petitioner has not shown that there is new evidence of actual innocence such that review of his procedurally-barred claims is warranted under *Schlup*.

## IV.    RECOMMENDATION

In conclusion, the Magistrate Judge **RECOMMENDS** that the District Court **DENY** Petitioner George Jones's Petition for Writ of Habeas Corpus. (Doc. 6).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed. R. Civ. P. 72(b). No reply to any response shall be filed. *See id*. If objections are not timely filed, then the parties' rights to de novo review by the District Court may be deemed waived. *See United States* v. *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 4th day of September, 2020.

Eric J. Markovich
United States Magistrate Judge